UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

KEVIN RENARD HARVEY, II,                     *

Petitioner,                                  *

v.                                           *          Civil Action No. ELH-19-1441

WARDEN LAURA Y. ARMSTEAD,                    *

Respondent.                                  *

\*\*\*

## MEMORANDUM

On May 16, 2019, while in the custody of Patuxent Institution ("Patuxent"), Kevin Renard Harvey, II filed a petition for writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2241. ECF 1. He filed supplement on June 6, 2019 (ECF 4), as directed by the Court. ECF 3. I shall refer to ECF 1 and ECF 4 collectively as the "Petition." Harvey challenges the failure of the Maryland Parole Commission ("Commission") to hold a timely revocation hearing after his return to custody on October 22, 2018. ECF 1: ECF 4.[1] As relief, Harvey sought his immediate release. *Id.*

Harvey did not file a habeas corpus petition or any other complaint in state court raising the issues contained in the Petition. *See* ECF 9-3. On June 25, 2019, Parole Commissioner John Cluster recalled the warrant that the Commission had issued for Harvey. *See* ECF 9-1. As a result, Harvey was released from the Division of Correction ("DOC") on June 27, 2019. *See* ECF 9-2.

On July 25, 2019, Respondent Laura Y. Armstead filed an Answer urging denial of the Petition on the ground that Harvey failed to exhaust his claim in State court prior to instituting this

---

[1] Harvey also complained about the adequacy of the law library at Patuxent and the institution's response to his administrative complaints. ECF 1 at 1; ECF 4 at 3-4, 7. Those claims, however, were also filed in an action under 42 U.S.C. § 1983. *See Harvey v. Maryland Parole & Probation*, Civil Action No. ELH-19-1051. That matter has been resolved by this Court.

case, and his claim is now procedurally defaulted.  ECF 9.  The Answer is supported by three exhibits.  Harvey did not reply.

The matter is now ripe for this Court's consideration.  After review of these filings, the Court finds no need for an evidentiary hearing.  *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts and Local Rule 105.6.  For the reasons set forth herein, the Court shall DISMISS the Petition.

### Discussion

Although the Petition was filed pursuant to 28 U.S.C. § 2241, it involves questions of State law only, and is therefore subject to the exhaustion requirement of 28 U.S.C. § 2254(b).  *See In re Wright*, 826 F.3d 774, 783 (4th Cir. 2016) (holding that a petition filed by state prisoner challenging a state conviction, "although styled as a § 2241 petition, is governed by § 2254, and as such, should be treated as an 'application under section 2254' . . . . [and] the more specific § 2254 'and all associated statutory requirements' shall apply") (citations omitted); *see also Timms v. Johns*, 627 F. 3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to § 2241 petition challenging civil commitment).

State courts are afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights.  *See Preiser v. Rodriguez*, 411 U.S. 475 (1973); *see also Gray v. Netherland*, 518 U.S. 52, 161-65 (1996); *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991).  Thus, before filing a federal habeas petition, Harvey must exhaust his claims by pursuing remedies available in the Maryland courts.  *See Rose v. Lundy*, 455 U. S. 509, 521 (1982).  The claim must be fairly presented to the state courts, to include both the operative facts and controlling legal principles.  *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted).

In addition, exhaustion includes the pursuit of appellate review in the Maryland Court of Special Appeals and, if appropriate, a petition for writ of certiorari to the Maryland Court of Appeals. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). Notably, "the petitioner bears the burden of demonstrating that state remedies have, in fact, been exhausted." *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir.), *cert. denied*, 513 U.S. 1047 (1994).

Harvey has not completed this process. In addition, Harvey's claim that he is entitled to immediate release is rendered moot by the recall of the warrant and his release.

A procedural default occurs when a habeas petitioner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman*, 501 U.S. at 735 n.1. *See also Mackall v. Angelone*, 131 F.3d 442, 449-50 (4th Cir. 1997) (*en banc*) (deeming procedurally defaulted a claim that was not presented to state appellate court, where presentation of claim in state court would now be fruitless), *cert. denied*, 522 U.S. 1100 (1998). In Maryland, a state law claim for habeas corpus relief lies only if an inmate is entitled to immediate release or a hearing that could lead to release. *See Lomax v. Warden, Maryland Correctional Training Center*, 356 Md. 569, 741 A.2d 476 (1999).

Here, Harvey is no longer able to present his claims to a state court by way of a habeas corpus petition because the Commission recalled the warrant and released him from the DOC on June 27, 2019. Should he file a petition for habeas corpus in state circuit court, it would be dismissed as moot. *See Koontz v. Ass'n of Classified Employees*, 297 Md. 521, 467 A.2d 753, 758 (1983).

Similarly, Harvey's claim in this court regarding the retake warrant is moot given that the relief he is requesting, *i.e.*, release, can no longer be provided. The United States Constitution

limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review.  U.S. Const., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990).  "[W]hen the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome," a case is deemed moot. *United States v. Hardy*, 545 F. 3d 280, 283 (4th Cir. 2008) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).  In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance.  *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 Fed. App'x. 295 (4th Cir. 2007); *Alvarez v. Conley*, 145 Fed. App'x. 428 (4th Cir. 2005).

      In light of the foregoing, dismissal of the Petition is appropriate.

      A separate Order follows.


April 16, 2020　　　　　　　　　　　　　　　　　　　／s／
Date　　　　　　　　　　　　　　　　　　　　　　Ellen L. Hollander
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge